IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to National City Bank, successor to MidAmerica Bank, fsb, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>HALSTED HOLDING CORP., WLADYSLAW SZCZEPANSKI, and DANIEL SZCZEPANSKI <br><br>　　　　Defendants. | Case No. 12 CV 8335 <br><br>Assigned Judge: Sharon Johnson Coleman <br><br>Magistrate Judge: Sidney I. Schenkier |

**MOTION FOR ENTRY OF EX PARTE JUDGMENT BY CONFESSION**

NOW COMES the plaintiff, PNC Bank, National Association, successor to National City Bank, successor to MidAmerica Bank, fsb ("PNC Bank" or "Plaintiff"), by and through its attorneys, Thomas J. Dillon, Wendy Kaleta Skrobin and McFadden & Dillon, P.C. and for its Motion for Entry of Ex Parte Judgment by Confession states as follows:

　　1.　The above-captioned cause was filed on October 16, 2012 and is presently pending before this Court.

　　2.　Plaintiff asserts in its Complaint (i) a claim against the defendant, Halsted Holding Corp. ("Halsted"), for breach of contract arising out of a promissory note executed by the defendant, Magas, in favor of plaintiff dated November 29, 2006 in the original principal amount of $600,000.00 (the "Promissory Note") and subsequent modifications (true and correct copies of the

1

Note and modifications thereto are <u>attached to the Complaint respectively as Exhibits B-D</u> and incorporated herein by reference)(collectively (the "Note")(Count I), (ii) a claim against the defendant, Wladyslaw Szczepanski, for breach of contract arising out of a Commercial Guaranty executed by Wladyslaw Szczepanski in favor of Plaintiff dated November 29, 2006 (a true and correct copy of the Wladyslaw Szczepanski Guaranty is <u>attached to the Complaint as Exhibit E</u> and incorporated herein by reference)(Count II), and (iii) a claim against the defendant, Daniel Szczepanski, for breach of contract arising out of a Commercial Guaranty executed by Daniel Szczepanski in favor of Plaintiff dated November 29, 2006 (a true and correct copy of the Daniel Szczepanski Guaranty is <u>attached to the Complaint as Exhibit F</u> and incorporated herein by reference)(Count III). (Wladyslaw Szczepanski and Daniel Szczepanski are collectively the "Guarantors").

3. 735 ILCS 5/2-1301(c) provides, in pertinent part:

> "(c)...any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed...[a] judgment entered by any court in any county other than those specified herein has no force or validity, anything in the power to confess to the contrary notwithstanding."

735 ILCS 5/2-1301(c)(West 2009).

4. The Note expressly provides at pages 1-2 thereof as follows:

> "**CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower might have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder."

Exhibit B attached to the Complaint, Note, Pages 1-2.

5. Each of the Commercial Guaranties executed by the Guarantors provides at page 2 as follows:

> "**CONFESSION OF JUDGMENT.** Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power will continue

undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder."

Exhibits E-F attached to the Complaint, Commercial Guaranties, Page 2.

6. Plaintiff submits herewith as Exhibit A the Affidavit of Lon A. Keast, a Vice President of PNC Bank verifying the Note and the Guaranties and setting forth the amounts due under the Note and the Guaranties.

7. Plaintiff also submits herewith as Exhibit B a Confession executed by Timothy J. Somen, a licensed Illinois attorney, on behalf of Defendants confessing Judgment against Defendants pursuant to the express provision of the Note and the Guaranties authorizing same.

**WHEREFORE**, plaintiff, PNC Bank, National Association, successor to National City Bank, successor to MidAmerica, fsb, respectfully requests that this Honorable Court pursuant to the express confession of judgment provisions of the Note and Guaranties along with the Confession submitted herewith (i) enter judgment by confession in favor of plaintiff and against the defendant, Halsted Holding Corp., on Count I of the Complaint; (ii) enter judgment by confession in favor of plaintiff and against the defendant, Wladyslaw Szczepanski, on Count II of the Complaint; (iii) enter judgment by confession in favor of plaintiff and against the defendant, Daniel Szczepanski, on Count III of the

4

Complaint; and (iv) grant such further and additional relief as this Court may deem just and proper.

                              Respectfully submitted,


                              /s/ Wendy Kaleta Skrobin
                              One of the attorneys for plaintiff, PNC Bank, National Association, successor to National City Bank, successor to MidAmerica Bank, fsb


Thomas J. Dillon (ARDC#3124223)
t.dillon@mcdillaw.com
Wendy Kaleta Skrobin (ARDC#6226119)
w.skrobin@mcdillaw.com
McFadden & Dillon, P.C.
120 S. LaSalle Street, Suite 1335
Chicago, Illinois 60603
(312) 201-8300